IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ERIC KEMPHER, a minor, by ANGEL LEWIS, His Next Friend, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| vs. | | No. 07-3226 |
| BRIAN WILSON, and THE CITY OF MT. STERLING, | | |
| Defendants. | | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Defendants' motion to dismiss.

In support of their motion to dismiss, the Defendants state that the Plaintiff has filed a two-count complaint pursuant to 42 U.S.C. § 1983, wherein he has alleged violations of his rights under the United States Constitution.  The Defendants note that in Count I, the Plaintiff, a minor, alleges that Defendant Brian Wilson, a police officer for Defendant City of Mt. Sterling, "flung" Plaintiff to the ground and took his bicycle.  The

1

Plaintiff claims that the alleged actions (1) constitute a felony under 720 ILCS § 5/12-4; (2) were an unreasonable search and seizure; and (3) were cruel and unusual punishment.  The Defendants further state that, in his request for relief, the Plaintiff seeks a declaration by the Court that Wilson's alleged actions violated section 1983, an award of compensatory and punitive damages, and attorney's fees.

In Count II, the Plaintiff re-asserts the allegations of Count I.  The Plaintiff further asserts that the City of Mt. Sterling is liable on the basis of *respondeat superior*.  The Defendants note that in his request for relief, the Plaintiff seeks a declaration that Wilson violated section 1983 and that the City is liable for his actions.  The Plaintiff also seeks damages and attorney's fees from the City.

The Defendants assert that the Plaintiff's complaint must be dismissed for the following reasons: (1) section 1983 provides no relief for violations of the Illinois Criminal Code; (2) the Plaintiff has not alleged that he was injured in the course of an attempted arrest or apprehension of one suspected of criminal conduct such that the protections of the Fourth

2

Amendment apply; (3) the Plaintiff does not allege that he was convicted prior to the alleged injury such that the protections of the Eighth Amendment apply; (4) *respondeat superior* is not available under section 1983; and (5) the Plaintiff has failed to comply with the requirements of 735 ILCS § 5/2-603.

On July 17, 2007, this action was commenced against the Defendants in the Circuit Court of the Eighth Judicial Circuit of Illinois, Brown County. It was removed to this Court, pursuant to 28 U.S.C. § 1441(b), on August 21, 2007. The basis for the removal is that both counts are brought pursuant to section 1983 and thus arise out of the Constitution or laws of the United States. The Court instructed the Plaintiff to file objections, if any, to the notice of removal. The Plaintiff filed a response to the Defendants' motion to dismiss, in addition to what the Plaintiff refers to as a response to the motion to transfer.

In his response to the motion to dismiss, the Plaintiff states that the complaint was filed in state court and asserts a claim for civil battery. Additional facts were alleged to support the claim that punitive damages

were warranted because of the conduct of a police officer in striking a minor child and stealing his bicycle.  According to the Plaintiff, the stealing of the bicycle is included to show that the police officer's brutality and motives were unwarranted by any law, emergency, exigency or in fact by any reasonable basis whatsoever.  Based on the foregoing, the Plaintiff claims that the Court should not dismiss the complaint because it does state a cause of action under Illinois law.  Should the Court find the complaint to be deficient, the Plaintiff requests leave to amend the complaint.

In his response to the motion to transfer (which perhaps is more accurately described as an objection to the Defendants' notice of removal), the Plaintiff contends that although the initial complaint appears to include a federal claim, the proposed amended complaint shows that there is no federal claim upon which the Court would have jurisdiction.  Accordingly, the Plaintiff requests that the case be remanded to the Circuit Court of Brown County.

The Court has reviewed the complaint filed by the Plaintiff in state court, in addition to his proposed amended complaint.  It appears that the

only difference is that the reference to section 1983 has been removed in the proposed amended complaint. Without a section 1983 claim, the Court would lack jurisdiction over the subject matter. It appears to the Court that the Plaintiff intended to file only claims for battery under state law. Because the reference to section 1983 was a mistake and there is no other basis for federal subject matter jurisdiction, the Court will remand this case to state court.

Ergo, the Court lacks jurisdiction over the subject matter. Accordingly, this case is hereby remanded to the Circuit Court of the Eighth Judicial Circuit of Illinois, Brown County. The motion to dismiss filed by the Defendants [d/e 7] is DENIED AS MOOT.

ENTER: October 30, 2007

      FOR THE COURT:

            s/Richard Mills
            United States District Judge